# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-51060
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARY DON SIMEK,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CR-00001-4

Before HIGGINBOTHAM, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gary Don Simek appeals his consecutive sentences to 240 and 53 months' imprisonment, imposed following his plea of guilty, contending, as he did in district court, that the court erred by applying a three-level manager-or-supervisor enhancement pursuant to Guideline § 3B1.1(b). Simek contends the evidence did not establish that he exercised any leadership over others.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Our court reviews only for clear error the district court's § 3B1.1(b) determination that a defendant was a manager or supervisor. *United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006). A factual finding is not clearly erroneous if it is plausible in the light of the entire record. *Id.*

The record evidence reflects Simek cooked and sold methamphetamine. In addition, Simek exercised sufficient authority over others in the conspiracy by, *inter alia*, driving participants to different pharmacies to purchase pseudoephedrine-based pills with which to cook the methamphetamine, by controlling the other ingredients used to cook the product, and by keeping a larger share of the methamphetamine. Therefore, the district court did not clearly err in imposing the enhancement. *See United States v. Lopez-Urbina*, 434 F.3d 750, 767 (5th Cir. 2005).

AFFIRMED.